UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 00-CR-80536
        Civil No. 04-CV-72300
        HON. GEORGE CARAM STEEH

ORLANDO REINOSA CASTRILLON,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR A CERTIFICATE OF
APPEALABILITY (DOCUMENT #115)

Defendant has submitted a *pro se* request for a certificate of appealability concerning the court's denial of his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. Plaintiff has not responded to this motion.

Defendant, who was sentenced to 87 months of incarceration following a plea-based conviction of a drug trafficking offense, claimed in the § 2255 motion that his attorney had erroneously failed to object to the defendant's described role of organizer in the Rule 11 agreement, and that the description and resulting enhancement precluded a safety valve reduction under U.S.S.G. § 5C1.2, to which defendant would otherwise have been entitled.

The court finds that denial of defendant's motion for a certificate of appealability is appropriate here. It was defendant himself who agreed to a description of his role in the conspiracy as an "organizer," and he does not appear to contend that his counsel

failed to negotiate for or secure an alternative, better deal which was available to him. Any argument made now that he was actually a "broker," rather than an organizer, is unavailing.  As the court noted in its order denying the § 2255 motion, in making a plea agreement, the defendant agreed that he was guilty of the charges specified, and accepted a certain level of culpability.  By doing so, he avoided the risk of a trial. Subsequently, his stipulation to an organizer role in the conspiracy, clearly stated in the Rule 11 agreement, precluded a safety valve reduction at the time of sentencing (as noted in the government's response to defendant-petitioner's § 2255 motion, U.S.S.G. § 5C1.2(4) precludes a defendant from obtaining a safety valve reduction if he was an organizer, leader, manager, or supervisor of others in the offense).

For this court to grant defendant's request, it must find that he has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). Castro v. U.S., 310 F.3d 900, 903 (6th Cir. 2002).  Under the Strickland test, a claim for ineffective assistance of counsel requires a showing that the attorney's performance was so unreasonable it did not live up to professional norms, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  Defendant here has conceded his role, which he now states was that of a "broker," was "important or essential."  He has cited to no authority for the proposition that counsel's recommendation of a plea deal, accepting the culpability level of "organizer," (and which he acknowledged would subject him to sentence enhancement), was error, and the court is aware of none.

For the reasons stated above, as well as those given in the court's order denying defendant-petitioner's § 2255 motion, the court finds that defendant has failed to make a substantial showing of the ineffective assistance of his counsel in the underlying criminal proceedings.  Defendant's motion is therefore DENIED.

IT IS SO ORDERED.

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on Jan Terbush and Orlando Reinosa Castrillon on April 20, 2005, by electronic and/or ordinary mail.

        s/Josephine Chaffee
        Secretary/Deputy Clerk